UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SKYMAX DOMINICANA, S.A., et al.,

                Plaintiffs,

             - v -

HANS KASPER,

                Defendant.
------------------------------------------------------------x

**ORDER**

CV-12-2297 (PKC)(VVP)

      The plaintiffs have moved [DE 51] for reconsideration of the portion of this court's order dated December 6, 2013 that denied their motion to amend their answer to assert a counterclaim. The defendant has opposed the motion [DE 52], and seeks an award of attorneys' fees for having to respond to the motion. Both motions are denied.

      As for the plaintiffs' motion for reconsideration, the standard for granting such motions is strict. *E.g., Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Hughes v. McWilliams*, 04 CV 7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009). Typically, to be successful the moving party must establish that the court overlooked controlling decisions or data – "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (*citing Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States,* 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Thus a movant may not advance new facts, issues or arguments that were not previously presented to the Court, nor may the movant reargue issues already considered. *E.g., Pearson Educ., Inc. v. Frances*, No. 11 CIV. 6081, 2012 WL 2930218, at *1 (S.D.N.Y. July 17, 2012)*; Gjoni v. Home Depot Inc.,* 99 Civ. 1849, 2002 WL 91623, at *1 (S.D.N.Y. Jan. 23, 2002); *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999). Courts have adopted this strict standard to prevent litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided. *Gjoni,* 2002 WL 91623, at *1. These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache*

*Enterprises Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

The plaintiffs here cite no controlling facts or authority that would alter the court's initial determination. Rather they advance a new argument concerning the prejudice they could suffer if amendment is not permitted, specifically, the claim they wish to now bring might be time-barred unless they can take advantage of "relation back" under Rule 15(c). This is precisely the type of new argument that should not be considered on a motion for reconsideration. In any event, that potential prejudice has to be weighed against the prejudice to the defendant that would arise from permitting amendment after a fully submitted motion for summary judgment has been filed and is *sub judice*. The court is not at all convinced that the balance weighs in the plaintiffs' favor here, particularly since the facts that give rise to their claim could easily have been learned far earlier in the litigation, perhaps even before they filed their action.

As for the defendant's motion for an award of fees, the only authority offered for such an award is a decision involving a motion for reconsideration where the court found the motion to have been improperly motivated solely by a desire to delay the proceedings. *See Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 935 F. Supp. 443, 449-50 (S.D.N.Y. 1996). I find no such purpose here.

For the foregoing reasons, the plaintiff's motion for reconsideration and the defendant's motion for attorneys' fees are both denied.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
December 26, 2013